WILLIAMS, Judge.
Boh Brothers Construction Company [“BBCC”] appeals a decision of the trial court finding plaintiff Tyrone Gibson to be temporarily totally disabled. The trial judge referred to plaintiff as totally disabled in his reasons for judgment; there was no mention of whether the disability was permanent or temporary. Because benefits were awarded so long as the disability existed, we will consider the court’s finding to be one of temporary total disability.
On May 1, 1985, plaintiff was working for BBCC, where he had been employed doing physical labor for four and one-half years. He picked up some asphalt and “coming up with it and something moved in [his] back.” (Tr. at 7). Plaintiff testified that he felt immediate pain, although he tried to work the remainder of that day and the next day. The following day he was sent to a physician. He saw a number of physicians, who testified at trial that plaintiff was capable of resuming his duties. Plaintiff’s physician was Dr. Jarrott who has treated him since June 20, 1985. Dr. Jarrott testified at trial that plaintiff had suffered a lumbar strain and was continuing to suffer back spasms. Dr. Jarrott stated that he felt that plaintiff could at least now perform light duty work:
“something that would fall short of lifting, lifting something on an occasional basis of less than twenty-five pounds or of repetitively less than ten pounds. Modest amounts of bending and squatting and perhaps really more than light duty, semisedentary activities of sitting, standing, bench work might be comfortable or relatively comfortable for this patient.”
(Tr. at 90)
Plaintiff and his estranged wife testified at trial. Plaintiff testified that he suffers from pain, although he felt that he could do some light work. The testimony of plaintiff’s wife concerned the effect of the injury on his personal life and corroborated plaintiff’s assertions of continuing pain.
Defendant has appealed the trial court’s determination that plaintiff was totally disabled, arguing that the evidence presented at trial fails to support the trial court’s finding, and, alternatively, that plaintiff is entitled only to supplemental earnings benefits.
To support its argument that plaintiff failed to prove that he was totally disabled, defendant relies upon the opinions of the other doctors who examined plaintiff and also plaintiff's failure to work while pursuing a previous worker’s compensation claim a number of years ago. Plaintiff relies primarily upon the testimony of his treating physician. The opinion of a treating physician is entitled to great weight. Sam v. Kendrick, 318 So.2d 635 (La.App. 3rd Cir.1975). Based on plaintiff’s and Dr. Jarrott’s testimony, we cannot conclude that plaintiff is not disabled. Neverthe *405 less, we also find that the evidence clearly supports defendant’s argument that plaintiff should have been limited to receiving supplemental earnings benefits. La.R.S. 23:1221(3)(a).
Supplemental earnings benefits are awarded to a worker who is able to perform some duties, but cannot now earn at least ninety percent of the wages that he earned at the time of his injury. Based upon plaintiffs testimony that he felt he was able to do light work and Dr. Jarrott’s opinion that plaintiff is now able to do light work, plaintiff should have begun receiving supplemental earnings benefits rather than payments for temporary total disability.
The parties stipulated that plaintiff earned $8.61 an hour, and worked forty hours a week. Plaintiff was entitled to recover worker’s compensation benefits from June 21, 1985 (date of termination) until the date of judgment, December 16, 1986. He is entitled to 74% of 90% of the difference between his average monthly wage and any wage he will earn in any month for the duration of his injury. Such payments may not exceed a maximum of 520 weeks. La.R.S. 23:1221(3)(d) (as in effect May 1, 1985).
For the foregoing reasons, the decision of the trial court is affirmed and amended.
AFFIRMED AND AMENDED